**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERIC SHIBLEY,

Defendant-Appellant.

Nos. 22-30043
22-30113

D.C. No. 2:20-cr-00174-JCC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 15, 2023
Seattle, Washington

Before: W. FLETCHER and VANDYKE, Circuit Judges, and LIBURDI,[**] District
Judge.

Eric Shibley ("Shibley") appeals from the district court's judgment in his

criminal case. Shibley was convicted of fifteen total counts of wire fraud, bank

fraud, and money laundering. He challenges the amount of restitution that the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

district court ordered him to pay his lenders, arguing that it should have been reduced by the amount that the government seized through forfeiture. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

During the early months of the COVID-19 pandemic, Congress established the Paycheck Protection Program ("PPP") to provide emergency loan assistance to businesses. The Small Business Association ("SBA") also issued loans through the Economic Injury Disaster Loan ("EIDL") Program. Shibley submitted twenty-six fraudulent loan applications to these programs.

The government had executed forfeiture seizure warrants for five of Shibley's business bank accounts prior to his conviction. After the government moved for a combined preliminary order of forfeiture and an order of forfeiture, on January 21, 2022, the district court entered a preliminary order granting a forfeiture of $1,183,501.08, based on money that Shibley obtained through his fraudulent COVID-19 relief loans. The forfeiture order became final at Shibley's sentencing. Also at sentencing, the district court sentenced Shibley to forty-eight months in prison and three years of supervised release. It adopted the government's restitution calculations and ordered that Shibley pay $1,438,000 in restitution.

Shibley requests that this panel review his claim de novo. This court reviews the district court's valuation of a restitution amount de novo. *United*

*States v. Carter*, 742 F.3d 440, 445 (9th Cir. 2014). The government contends that we should apply plain error review because Shibley did not object to the district court's restitution calculation at sentencing. *E.g.*, *United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004). Because we would affirm the district court under either plain error or de novo review, we refrain from deciding which standard applies. *United States v. Davis*, 706 F.3d 1081, 1083 (9th Cir. 2013).

"Forfeiture and restitution are separate components of many criminal sentences." *Carter*, 742 F.3d at 446. While restitution provides compensation to victims in order to make them whole, the purpose of forfeiture is punitive. *E.g.*, *Davis*, 706 F.3d at 1083–84. The district court ordered restitution under the Mandatory Victims Restitution Act ("MVRA"), which provides that "the [district] court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). The MVRA's language is mandatory—the district court does not have discretion in reducing restitution when, as here, sentencing for offenses to which the MVRA applies. The parties do not contest that the district court calculated restitution based on the "full amount" of the lenders' losses under the MVRA. *Id.* The district court properly based its calculation on the unrecovered funds that the lenders had transferred to

3

Shibley's bank accounts, $1,438,000. Shibley does not have the "right to a credit against a restitution order equal to any part of the amount forfeited." *Carter*, 742 F.3d at 441, 446. The district court thus did not err in declining to reduce restitution by the amount that Shibley forfeited to the government. *Bright*, 353 F.3d at 1120.

The victimized lenders have not yet recovered any money. At oral argument, the government represented to us that the prosecutors in this case will seek approval from the Money Laundering and Asset Recovery Section ("MLARS") to transfer the forfeited funds to the lenders under the Department of Justice's restoration process. *See also* Rule 28(j) letter in *United States v. Shibley*, Nos. 22-30043 & 22-30113, Feb. 21, 2023, ECF No. 39. Under the Department of Justice Asset Forfeiture Policy, once MLARS approves the transfer, it notifies the prosecutors and the property custodian, who "will then transfer the net forfeited proceeds of all assets in the case or related cases to the clerk of court for distribution pursuant to the restitution order." Department of Justice Asset Forfeiture Policy Manual, ch. 14, § B, https://www.justice.gov/criminal-afmls/file/839521/download. Thus, while the district court did not have the authority to reduce Shibley's restitution obligation at the time of sentencing, that obligation will decrease if and when the government

transfers the forfeited funds to the lenders.

**AFFIRMED.**